# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LORI O'MALLEY, *et al.*, | ) |
| | ) |
|              Plaintiffs, | ) |
| | ) |
|       v. | )   Case No. 16-00204-CV-W-LMC |
| | ) |
| MATTHEW VELLENGA, *et al.*, | ) |
| | ) |
|              Defendants. | ) |

## ORDER

### I.    *Procedural History*

Pending before the Court is Plaintiffs Motion to Strike Pleadings of Defendants Larry Wiseman and Carla Wiseman and to Enter a Judgement as to Issues of Liability. (Doc. #115.) Plaintiffs argue that they provided notice of the depositions of party defendants Larry and Carla Wiseman, but that the Wisemans failed to appear for their depositions. Plaintiffs also state that "[t]his was apparently a considered choice, inasmuch as prior to the depositions, Plaintiff's [sic] counsel was advised by counsel for the Wisemans, Gerry Eftink, that they were not planning to attend. They had apparently otherwise failed to cooperate with Mr. Eftink in the defense of this suit." (Doc. #115 at ¶3.) Plaintiffs request "that the Answer of Defendants Larry and Carla Wiseman and all defenses asserted therein be struck, and that judgement as to liability be entered against them." (Doc. #115.)

On August 23, 2018, Plaintiffs filed a Notice of Videotaped Deposition of Larry Wiseman, in which notice was given that Larry Wiseman's deposition was scheduled for September 5, 2018.[1]

---

[1] An Amended Notice of Videotaped Deposition of Larry Wiseman was filed on August 31, 2018. That notice did not change the date of the deposition, just the time and place. (Doc. #90.)

(Doc. #76.) On August 30, 2018, Plaintiffs filed a Notice of Videotaped Deposition of Carla Wiseman, which noticed her deposition for the same date as Larry Wiseman's deposition.[2] (Doc. #81.)

On October 31, 2018, counsel for Defendants Larry and Carla Wiseman filed a Request for Leave to Withdraw as Attorney citing a lack of communication and cooperation with the Wisemans as reasons for his request to withdraw. (Doc. #109.) Counsel also indicated that Larry Wiseman did not want to pay for an attorney. (Doc. #109.) On November 12, 2018, Plaintiffs filed the instant motion (Doc. #115). On December 12, 2018, this Court granted the Request for Leave to Withdraw as Attorney and ordered defense counsel to send a copy of the order to Larry and Carla Wiseman. (Doc. #124.) Since that time, no attorney has entered an appearance on behalf of Larry and Carla Wiseman and neither have participated in this matter.

## II.  Discussion

In making their request, Plaintiffs do not cite any legal rule or statute as the basis for such a request. At one level it appears that Plaintiffs are requesting that sanctions be imposed under Rule 37 of the Federal Rules of Civil Procedure. Plaintiffs also request that judgment as to liability be entered against the Wisemans which conceivably could be considered a request under Rule 55 of the Federal Rules of Civil Procedure. Because Plaintiffs have only discussed discovery violations and not a general failure to defend, this Court will review the matter under Rule 37.

As recognized by the Eighth Circuit, striking a "party's pleadings is a severe sanction that may ineluctably lead to judgment for the other side." *St. Louis Produce Mkt. v. Hughes*, 735 F.3d 829, 832 (8th Cir. 2013). The sanction is only appropriate where there is "an order compelling

---

[2] Plaintiff also filed an Amended Notice of Videotaped Deposition of Carla Wiseman, which did not change the date but changed the time and place of the deposition. (Doc. #89.)

discovery, a willful violation of that order, and prejudice to the other party." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999).

Plaintiffs never filed a motion to compel discovery or attempted to resolve the discovery dispute in accordance with Local Rule 37.1.[3] Nor have Plaintiffs filed additional notices of depositions as to Larry and Carla Wiseman. Without further action on behalf of the Plaintiffs, this Court is not in a position to strike the Wisemans' pleadings.

Therefore, it is

ORDERED that Plaintiffs' Motion to Strike Pleadings of Defendants Larry Wiseman and Carla Wiseman and to Enter a Judgement as to Issues of Liability is DENIED.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE

---

[3] Local Rule 37.1 requires that prior to filing a discovery motion, an attorney must attempt to confer with opposing counsel regarding the matter. If the matter is still unresolved, the attorney must then seek a telephone conference with the presiding judge prior to filing any discovery motion.