# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| LORI O'MALLEY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 16-00204-CV-W-LMC |
| | ) | |
| MATTHEW VELLENGA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before this Court is "Plaintiffs' Motion for Judgment as a Matter of Law or in the Alternative, for a New Trial, with Suggestions in Support Thereof." (Doc. #230.) For the reasons set forth below, Plaintiffs' motion is DENIED.

I.  Background

After a two-day trial, the jury returned verdicts in favor of Defendants Larry and Carla Wiseman, finding that Plaintiffs did not prove that (1) the Defendants violated Plaintiffs' (Lori O'Malley and Freedom Plaza LLC) civil rights by enlisting certain members of the Raymore, Missouri Police Department to seize and take from Freedom Plaza LLC's property items that did not belong to the Defendants (2) Defendants converted Plaintiffs' property to their own use and purposes, and (3) Defendant Larry Wiseman battered Plaintiff Lori O'Malley. (Doc. #226, 1-5; Doc. #228.) Plaintiffs did not file a motion seeking judgment as a matter of law at the close of all evidence.

Plaintiffs have now filed a motion for new trial as a matter of law under Fed. R.Civ. P. 59(a)(1)(A), or in the alternative, moves for a new trial under Fed. R. Civ. P. 59(e). In support of their motion, Plaintiffs argue that the jury's verdicts were against the weight of the evidence and

allowing them to stand would result in a miscarriage of justice. (Doc. #230 at 2) (citing *The Shaw Group, Inc. v. Marcum*, 516 F.3d 1061, 1067 (8th Cir. 2002)). Specifically, Plaintiffs argue that (1) neither Larry nor Carla Wiseman "presented any actual legal defense" (Doc. #230 at 2), and (2) the jury based its verdicts on Larry Wiseman's "repeated" violations of the court's rulings on Plaintiffs' motions in limine (Doc. #230 at 4).

## II. Legal Standard

"The authority to grant a new trial is within the discretion of the district court. [Rule 59] confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996). "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." *Id*. (citation omitted). "Judgment as a matter of law is only appropriate when no reasonable jury could have found for the nonmoving party." *S. Wine & Spirits of Nevada v. Mountain Valley Spring Co., L.L.C.*, 646 F.3d 526, 533 (8th Cir. 2011) (citing *Mattis v Carlon Elec. Prods.*, 295 F.3d 856, 860 (8th Cir. 2002)). "In deciding whether to grant judgment as a matter of law, [a court] may not weigh the credibility of evidence, and conflicts in the evidence must be resolved in favor of the verdict." *Id*. (citing *Schooley v. Orkin Extermination Co.*, 502 F.3d 759, 764 (8th Cir. 2007)).

## III. Discussion

Having reviewed the record and upon consideration of the facts presented at trial, as well as a review of Plaintiffs' briefing, the Court finds that the jury acted reasonably based upon a legally-sufficient evidentiary basis in finding for the Defendants. Accordingly, Plaintiffs' motion for judgment as a matter of law is DENIED.

Further, the Court finds that the exercise of its discretion to grant a new trial is unwarranted as no miscarriage of justice occurred. Specifically, upon consideration of the facts presented at trial and the argument made in Plaintiffs' motion and suggestions, this Court finds that the jury's verdicts were not against the weight of the evidence.[1] Accordingly, Plaintiffs' motion for new trial (Doc. #230) is DENIED.

IV. Conclusion

For the foregoing reasons, it is hereby ordered that Plaintiffs' Motion for Judgment as a Matter of Law or in the Alternative, for a New Trial, with Suggestions in Support Thereof (Doc. #230) is DENIED.

IT IS SO ORDERED.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that Plaintiffs' motion appears to have been based on pure recollection, conclusory statements, and supposition rather than on the actual trial evidence, as the transcript of the trial was only ordered by the court in preparation for this Order.